74932. HART et al. v. THE STATE.
74933. BUNCH v. THE STATE.
(361 SE2d 277)

BIRDSONG, Chief Judge.

Ida Jane Bunch is the mother of Willa Dean Hart, Roger Dale Bunch and Henry Bunch, and is married to John Junior Bunch. The Bunch family lived in a house located in Portal, Georgia. Because of increasing debt burden, a discussion originated with the mother and stepfather (Ida and John Junior) to burn the house in Portal so as to collect the insurance on the personal belongings located in the house. Another son (uncharged in this case) was to start the fire. For unexplained reasons the fire in the Portal house was never accomplished. The family then moved to a farm house in Jenkins County. Again the plan was discussed between Ida and John Junior, Willa Hart, Roger, and Henry. Prior to the starting of a fire in the house, the family members and other friends began to move furniture and personal belongings from the house. Food stuff, clothing, pots and pans, a freezer, personal pictures and other sundries were moved from the Jenkins County farmhouse back to a son's house in Portal. On the night of the burning, Roger asked for and received assistance from a friend to move his car from the side of the Jenkins County house because he stated it might be burned if he did not move it. The last item moved (by John Junior, Henry and Roger) was the freezer. Then Henry and Roger left the house in Portal for the ostensible purpose of burning

the house in Jenkins County. The family stayed the night in Portal. Henry and Roger returned several hours later reporting the house was "gone." The house was totally destroyed by fire. Two creditors who had sold furniture and other personalty to the Bunch family had their debts insured and filed claims to recover the loss. The debts were either extinguished or substantially reduced and excess coverage was paid over to the Bunch family. The Bunch family themselves filed a claim with their insurer, the Independent Fire Insurance Company, individually. Henry Bunch admitted the discussions to burn the house and John Junior Bunch admitted the discussions and the burning. The several defendants offered no evidence, but on cross-examination brought out that there had been amateur electrical wiring of a broken wire and the well water was unsatisfactory and they were going to move. Based upon this evidence the jury under appropriate instructions found Henry Bunch guilty of the felony of secreting property to defraud another. Ida, John Junior and Roger Bunch and Wilma Hart were all convicted of first degree arson and secreting property to defraud another. All five defendants having been convicted as charged, Henry Bunch was sentenced to serve five years and the remaining four were sentenced to serve five years on each count but concurrently.

Although there are two cases (Henry Bunch was indicted separately and the remaining four indicted later), the two indictments were jointly tried. Each case has been appealed. However as to Henry Bunch's appeal, we must take cognizance that the judgment of conviction and sentence was entered on October 15, 1986. Henry Bunch did not file his notice of appeal in the trial court until January 20, 1987, 87 days after the entry of judgment. The record contains no entry or indication of a request for an extension of time within which to file a notice of appeal nor a motion for nor a ruling upon a new trial. We are required to inquire into our own jurisdiction. It is obvious on its face that the notice of appeal in Henry Bunch's case was not filed in a timely fashion and thus does not activate the jurisdiction of this court so as to empower us to rule upon the merits of the appeal. *Smith v. State*, 140 Ga. App. 492 (231 SE2d 493). Parenthetically we note however that he was part and parcel of the common plan and agreement to burn the house and secrete the goods in order to perpetrate the insurance fraud. As to the other four appellants, each of whom appeal on the general grounds, we can unequivocally conclude that any rational jury could reasonably conclude beyond reasonable doubt that the defendants entered into a criminal agreement as aiders and abettors in the criminal enterprise of first degree arson and the felony secretion of property to defraud their insurer and thus were in fact and law guilty as charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed in Case No. 74932. Appeal dismissed in Case No. 74933. Deen, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 25, 1987.

*Phillips D. Hamilton,* for appellants.
*J. Lane Johnston, District Attorney,* for appellee.