A92A2401. JORDAN v. THE STATE.
(429 SE2d 97)

BEASLEY, Judge.

Appellant appeals his convictions of involuntary manslaughter (OCGA § 16-5-3 (a)), sale of cocaine (OCGA § 16-13-30 (d)), possession of a firearm during the commission of a crime (OCGA § 16-11-106), and theft by receiving stolen property (OCGA § 16-8-7).

The evidence showed that appellant was a drug dealer who sold cocaine. Two men wearing ski masks and brandishing an Uzi and a shotgun forced their way into appellant's home, robbed him, and fled.

He followed them into the street, and a gunfight ensued. The person driving the getaway car received a fatal gunshot wound to the head. The State presented evidence that appellant shot at the fleeing intruders first. Appellant testified otherwise.

1. Appellant argues that juror misconduct consisting of extrajudicial research concerning legal definitions was sufficiently prejudicial to mandate a reversal.

After the jurors began their deliberations, they submitted a number of questions to the court, one of which was whether it was permissible to circulate among the jurors definitions copied the night before by a juror from a book entitled, *The Law and You*. The jury wanted to use these definitions because they were in lay terms. Appellant moved for a mistrial on grounds that the court had specifically instructed the jurors not to consult any outside reading materials or bring them into the jury room.

The court questioned the juror who had brought this material into the jury room outside the presence of the other jurors. She responded that she either did not hear or understand the court's instruction that she not do this, and she affirmed that she could still listen to the court's instructions, base her decision on them, and not be influenced in any manner by what she had read in the book. This juror also testified that while no other juror had read the material, one juror had glanced at it. The court questioned this juror, and he responded that he had only read the first paragraph of the first page and that he could follow the court's instructions as to the law and disregard anything he had read. The court inquired whether any of the remaining jurors had read any of it, and there were no responses. The motion for mistrial was denied, and the court reinstructed the jury on the elements of the offenses and answered the jury's other questions.

Appellant argues that this case is controlled by *Moore v. State*, 172 Ga. App. 844 (324 SE2d 760) (1984), which involved a juror's use of the book *You and the Law* to guide him and the other jurors. During the jury's deliberations, the court denied this juror's request to take the book into the jury room, but it did not appear that defense counsel knew of this until after the trial. The juror who examined the book and the jury foreperson were then examined, and from their testimony it appeared that the juror used what he had read in the book to understand what the trial court had charged as law and that after the court had denied him permission to take the book into the jury room he had tried to interpret the court's charge to the other jurors by reference to what he had read in the book.

The defendant in *Moore* was convicted of voluntary manslaughter. He claimed self-defense. The book described voluntary manslaughter as including some situations involving self-defense but using

more force than necessary. Under Georgia law, this is involuntary manslaughter. We held that under these facts, the juror's intentional gathering of extrajudicial law was "so prejudicial as to be inherently lacking in due process," supra at 847, that it required reversal under *Watkins v. State*, 237 Ga. 678, 685 (229 SE2d 465) (1976) (involving a juror's intentional gathering of extrajudicial evidence). Compare *Tate v. State*, 198 Ga. App. 276 (1) (401 SE2d 549) (1991) (holding that a reversal was not required where a juror read definitions of legal terms in a dictionary, but did not communicate this information to other jurors, and he testified that he could decide the case without being influenced by what he had read).

"There is a presumption of prejudice to the defendant when an irregularity in the conduct of a juror is shown and the burden is on the prosecution to prove beyond a reasonable doubt that no harm has occurred. [Cit.]" *Lamons v. State*, 255 Ga. 511, 512 (340 SE2d 183) (1986) (reversing defendant's conviction where ex parte contact between a juror and the prosecuting attorney during the course of the trial resulted in the juror's becoming a confidential informant in another case). In this case, like *Tate* but unlike *Moore* and *Lamons*, the trial court was authorized to find beyond a reasonable doubt that no harm occurred. The jury was not infected. Like *Tate* but unlike *Lamons*, the irregularity in this case was not so egregious as to require a reversal in the absence of prejudice to the defendant, and none appears.

2. Appellant contends that the trial court erred in furnishing the jury with written copies of Code sections defining the offenses of voluntary manslaughter, involuntary manslaughter, and reckless conduct, while denying a request by the defense to provide the jury with written definitions of the defenses asserted by appellant. The court denied the defense request because the jury had indicated that it was satisfied with the court's instructions on those points.

Initially, the jury requested, among other things, to have the terms voluntary and involuntary manslaughter explained in lay terms. The court orally recharged the jury on these offenses and, at the request of the defense, also recharged the jury on appellant's defenses of self-defense and justification. The jury later submitted the following questions and requests to the court: "Does voluntary manslaughter mean you have intent to cause bodily harm? Please redefine voluntary and involuntary manslaughter. Does involuntary manslaughter include provocation? Define reckless conduct again." In response, the trial court took the actions referred to in the first paragraph of this division.

"Responding to a jury's request to restate portions of the charge is generally required of the trial judge, [cit.]. . . ." *Appling v. State*, 256 Ga. 36, 38 (2) (343 SE2d 684) (1986). "Although it has been the

accepted Georgia practice not to allow jurors to take written instructions with them into the jury room, [cit.], the Supreme Court in *Anderson v. State*, 262 Ga. 26, 27 (3) (413 SE2d 732) (1992), recently held that a trial judge is not prohibited from providing the jury with written instructions. However, that case dealt with giving the jury the entire charge in writing, not a selected portion of it." *Gidden v. State*, 205 Ga. App. 245, 248 (2) (422 SE2d 30) (1992). In this case, the court did give the jury in writing only that portion of the charge with respect to which it had requested a recharge. "[I]t is within the court's discretion to recharge only that which is specifically requested. [Cit.]" *Appling v. State*, supra. It was not an abuse of discretion to recharge only that which was specifically requested nor, under the circumstances of this case, to do so in writing rather than orally again.

3. Finally, appellant argues that a reversal is mandated because the record of hearings held outside the presence of the jury is devoid of any conclusion by the trial court that appellant's out-of-court statements were voluntary, which is required to be unmistakably clear. He cites *Walraven v. State*, 250 Ga. 401, 407 (4a) (297 SE2d 278) (1982).

Defendant made certain statements at two different times. By motions to suppress evidence of the statements, he challenged their admissibility on the grounds that they were not voluntarily given and that he had not been given the *Miranda* warnings before he made the statements. The court conducted hearings in each instance pursuant to *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964). Such is a requirement of due process, "to insure a reliable and clear-cut determination of the voluntariness of the confession, including the resolution of disputed facts upon which the voluntariness issue may depend." Id. at 391. As to the first statement, given to the neighbor officer who saw the shooting and came across the street to inquire of appellant what had happened, the court concluded that appellant was not in custody at the time so *Miranda* warnings were not required, and it ruled the statement admissible. The second statement was given to an officer whose questioning of appellant followed by a few minutes the questioning of an officer who had first advised defendant of his rights. The court concluded that it was not necessary to repeat those rights before obtaining a further statement. It ruled that this statement was also admissible. Defendant objected in both instances.

The court did not make any findings or reach any conclusion with respect to the voluntariness of the statements. It is required that this appear "with unmistakable clarity." *Sims v. Georgia*, 385 U. S. 538 (87 SC 639, 17 LE2d 593) (1967). See *Cofield v. State*, 247 Ga. 98, 109 (4) (274 SE2d 530) (1981); *Walraven v. State*, supra at 407 (4). Resolving the *Miranda* issue, when there is one, does not dispense with the mandate that "a jury is not to hear a confession unless and

until the trial judge has determined that it was freely and voluntarily given." *Sims*, supra at 543-544. See *Payne v. State*, 249 Ga. 354, 359 (7) (291 SE2d 226) (1982), where the trial court indicated that its only concern was to assure that defendant had signed a waiver of rights.

The court's error in not fulfilling the purpose of the *Jackson-Denno* hearing requires us to remand the case for a proper hearing and a finding as to voluntariness as mandated by *Sims*. As noted in *Payne*, supra at 360, this was authorized in *Jackson v. Denno*, and has been done a number of times in Georgia. It was the procedure utilized also in *Hicks v. State*, 255 Ga. 503 (340 SE2d 604) (1986).

*Case remanded for further proceedings. Birdsong, P. J., and Andrews, J., concur.*

DECIDED FEBRUARY 22, 1993 —
RECONSIDERATION DENIED MARCH 10, 1993 —

*H. Clay Collins, Michael E. Bergin*, for appellant.
*J. Tom Morgan, District Attorney, Thomas S. Clegg, Nancy B. Allstrom, Barbara B. Conroy, Assistant District Attorneys*, for appellee.