## A96A1053. ELROD v. THE STATE.
(475 SE2d 710)

RUFFIN, Judge.

A jury convicted Larry Gene Elrod of aggravated assault on a police officer (OCGA § 16-5-21 (c)) and two counts of misdemeanor obstruction of a police officer (OCGA § 16-10-24 (a)). Elrod's conviction was entered on September 13, 1993. A timely notice of appeal was filed on October 8, 1993. Elrod, acting pro se, filed a second notice of appeal on April 22, 1994, in which he indicated that a motion for new trial "was never entered."

Elrod's counsel moved for leave to withdraw and for appointment of new counsel in light of Elrod's assertion that his counsel engaged in "unprofessional conduct" in handling his case on August 12, 1994. The motion was granted, and new counsel was appointed to prosecute Elrod's appeal by order entered on August 22, 1994.

No further action was taken in this case until December 11, 1995, when new counsel filed a motion for new trial. The motion alleged the general grounds, as well as ineffective assistance of trial counsel. A hearing on the motion was conducted on December 19, 1995, and the motion was subsequently denied by order entered on January 15, 1996. A third notice of appeal was filed on January 25, 1996, and the case was docketed in this Court on January 30, 1996.

1. We must first address the jurisdictional and procedural posture of this case. "We are required to inquire into our own jurisdic-

tion." *Hart v. State*, 184 Ga. App. 300, 301 (361 SE2d 277) (1987). Elrod's initial notice of appeal, filed on October 8, 1993, was timely filed. OCGA § 5-6-38. His second appeal, filed on April 22, 1994, is a nullity because Elrod had already filed a notice of appeal with this Court. *O'Kelly v. State*, 196 Ga. App. 860 (1) (397 SE2d 197) (1990).

The trial court correctly dealt with the motion for withdrawal and substitution of counsel. While this motion was filed during the pendency of Elrod's notice of appeal, "during that time the trial court retained jurisdiction in such matters. . . ." *State v. James*, 211 Ga. App. 149, 150 (438 SE2d 399) (1993). However, the trial court did not have jurisdiction over the motion for new trial. A notice of appeal divests the trial court of jurisdiction to hear motions for new trial or to grant a new trial on its own motion after the period in which a motion for new trial may be filed in accordance with OCGA § 5-5-40. *Griffin v. Loper*, 209 Ga. App. 504 (433 SE2d 653) (1993); *Anderson v. State*, 193 Ga. App. 540 (1) (388 SE2d 351) (1989). In this case, Elrod's motion for new trial was not timely filed; this is not a case where Elrod's notice of appeal was premature, but later ripened when the denial of his motion for new trial was entered. Compare *Hope v. State*, 193 Ga. App. 202, 203 (1) (a) (387 SE2d 414) (1989). Hence, the order denying the motion for new trial is a nullity, and Elrod's third notice of appeal, filed on January 25, 1996, and based on this order, is also a nullity. See *O'Kelly*, supra.

However, it is clear that Elrod's second counsel would have been permitted to raise the ineffective assistance of counsel issue as an enumeration in the first appeal pending before this Court because this would have been "the earliest practicable moment" for such a claim to have been raised. See *Norman v. State*, 208 Ga. App. 830, 831 (3) (432 SE2d 216) (1993); *White v. Kelso*, 261 Ga. 32 (401 SE2d 733) (1991) ("the claim may be raised for the first time in the direct appeal if the direct appeal marks the first appearance of new counsel"). Compare *Glover v. State*, 266 Ga. 183 (465 SE2d 659) (1996) (the claim is waived if new counsel had the opportunity to file a motion for new trial, yet failed to do so).

In cases such as the one at bar, this Court generally remands the case for a hearing on the issue. See *Hutton v. State*, 192 Ga. App. 239, 241 (5) (384 SE2d 446) (1989). However, as Judge Beasley noted in her separate opinion in *Hutton*, "[r]emand should be principled and necessary, not automatic, delaying, and wasteful of judicial and legal resources." Id. at 243. Moreover, the ineffectiveness issue may be decided on the record by this Court where remand "would serve no useful purpose." *Brundage v. State*, 208 Ga. App. 58 (2) (430 SE2d 173) (1993). While a remand would be appropriate in this case, the trial court has already held a hearing and rendered a decision, albeit a nullity, on the ineffectiveness issue. Thus, a remand in this case

would serve no useful purpose, would merely delay the case, and would waste judicial and legal resources. Therefore, in the interest of judicial economy, we will consider Elrod's current appeal and all issues presented.

2. In his first enumeration of error, Elrod claims the trial court erred in denying his motion for new trial on the general grounds. We disagree.

Construed most favorably to uphold the verdict, the evidence shows that police officers Williams and Appling were on duty, in uniform, and responding for a second time to a "fight in progress . . . male armed with a knife" call at Elrod's residence. Upon arriving, both officers noted Elrod possessed a large Rambo-style hunting knife which he refused to relinquish despite being repeatedly ordered to do so by both Officer Williams and Officer Appling. Both officers testified that Elrod stated he intended to cut Officer Williams with the knife. Officer Williams testified he believed Elrod was going to run toward him and stab him with the knife and that he believed Elrod intended to hurt him. After Elrod's father took the knife from him, Elrod turned sideways as if to run and struggled with Officer Appling, making it impossible for Officer Appling to handcuff him. Officer Williams had to assist Officer Appling, and it required both of them to get Elrod's hands positioned so that Elrod could be handcuffed.

While there was conflict between the officers' testimony and that of Elrod and his witnesses, "[a]n appellate court does not weigh the evidence or judge the credibility of the witnesses but only determines whether the adjudication of guilt is supported by sufficient competent evidence." (Citations and punctuation omitted.) *Duitsman v. State*, 212 Ga. App. 348 (1) (441 SE2d 888) (1994). The foregoing evidence, construed in a light most favorable to the State, was sufficient to authorize a rational trier of fact to find Elrod guilty beyond a reasonable doubt of aggravated assault on a peace officer and misdemeanor obstruction of an officer. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Duitsman*, supra. Accordingly, we find no error in the trial court's refusal to grant a new trial based on this argument.

3. Elrod next asserts the trial court erred in denying his motion for new trial based upon ineffective assistance of counsel. Specifically, Elrod claims his trial counsel (a) failed and/or refused to call witnesses that Elrod directed counsel to subpoena to testify at trial, (b) failed to meet with Elrod for a sufficient amount of time prior to trial and adequately review the case with him, and (c) rejected a negotiated plea offer from the district attorney's office before conveying the offer to him. After a hearing in which trial counsel testified, the court determined that trial counsel was effective. While this pro-

ceeding was outside the trial court's jurisdiction, as previously stated, the testimony presented at the hearing was taken under oath, and the parties are bound by their statements. Thus, in considering Elrod's claim for ineffective assistance of counsel, we may rely on the testimony presented during the trial court's hearing.

"In order to establish ineffectiveness of trial counsel under *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984), appellant must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense. Unless a defendant makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversary process that renders the result unreliable." (Citations and punctuation omitted.) *Stephens v. State*, 265 Ga. 120, 121 (2) (453 SE2d 443) (1995). In addition, the trial court's determination that a defendant has not been denied effective assistance of trial counsel will be affirmed on appeal unless that determination is clearly erroneous. *Jones v. State*, 217 Ga. App. 722, 723 (2) (458 SE2d 894) (1995).

(a) In this case, trial counsel's failure to call witnesses to testify at trial cannot provide the basis for an ineffective assistance of counsel claim. At the hearing on the motion for new trial, trial counsel testified that Elrod never mentioned calling any witnesses other than those actually called at trial. Elrod testified he provided trial counsel with additional names, but admitted the additional witnesses would have testified to the same matters as the witnesses who were called at trial. Trial counsel further testified that had he been aware of other witnesses, he would have thought carefully about calling them because, based on his training and experience, calling repetitive witnesses can backfire and have an adverse effect on the jury.

Assuming Elrod informed trial counsel about these other witnesses, the decision as to which defense witnesses will be called is a matter of trial strategy and tactics, and tactical errors do not constitute ineffective assistance of counsel. *Keanum v. State*, 212 Ga. App. 662, 664 (3) (442 SE2d 790) (1994). "The fact that appellant and his present counsel now disagree with the difficult decisions regarding trial tactics and strategy made by trial counsel does not require a finding that [Elrod] received representation amounting to ineffective assistance of counsel. [Cit.]" *Stewart v. State*, 263 Ga. 843, 847 (6) (440 SE2d 452) (1994). Moreover, Elrod has failed to demonstrate a reasonable probability that, but for trial counsel's failure to call additional witnesses, the trial's result would have been different.

(b) The record fails to support Elrod's claim that trial counsel was ineffective because he did not meet with him often enough or adequately review the case with him prior to trial. The record shows trial counsel thoroughly reviewed the state's file, including the police

officers' incident and supplemental reports, met with Elrod at least two times and possibly as many as five times, and traveled to Elrod's home to view the crime scene and interview Elrod's mother, father, brother, and all eyewitnesses. "In any event, the amount of time [trial] counsel spent with [Elrod] is not determinative of whether counsel rendered ineffective assistance. [Cit.]" *Capers v. State*, 220 Ga. App. 869, 873 (470 SE2d 887) (1996). We fail to see a reasonable probability that but for counsel's failure to discuss the case further with Elrod, the trial's outcome would have been different. Even if Elrod's representation was less than desirable, Elrod failed to satisfy his burden of affirmatively showing the *Strickland* criteria for ineffectiveness by the record. *Jacobson v. State*, 201 Ga. App. 749, 753 (5) (d) (412 SE2d 859) (1991).

(c) Elrod next contends trial counsel was ineffective because he rejected a plea offer before conveying the offer to him. Trial counsel testified he negotiated a plea offer on behalf of Elrod, but that Elrod flatly rejected the negotiation, stating he was not guilty of anything. At the hearing, Elrod admitted he told trial counsel he had not done anything wrong and would not plead guilty to anything, but contended trial counsel failed to present the plea offer to him. Elrod's girl friend also testified that Elrod told her he had not done anything wrong and was not going to plead guilty to anything. Based on the foregoing, we find the trial court was not clearly erroneous in determining that trial counsel "did relay the State's plea offer to [Elrod] and [that Elrod] refused to accept the plea offer based on his belief that he had not done anything wrong."

4. In his last enumeration of error, Elrod claims the trial court erred in submitting partial written jury instructions to the jury after it started deliberations. The record shows that the jury requested "written clarification of the difference of obstruction, felony, and obstruction, misdemeanor." Both parties agreed to provide the jury with copies of the pattern charge on both misdemeanor obstruction and felony obstruction. Subsequently, the jury requested "written confirmation of the law concerning aggravated assault." At that point, Elrod's counsel requested a recharge rather than "piecemealing the pattern instructions in there to them." The trial judge declined to recharge the entire charge and offered to orally recharge on aggravated assault before giving the jury the written charge, which Elrod's counsel refused. According to the trial judge, he was concerned the jury would not understand why they were provided with a copy of the written charge pursuant to their first request, yet had to be recharged pursuant to their second request.

Contrary to Elrod's assertion, we cannot find that the trial judge abused its discretion in providing the jury with partial written jury instructions in response to its request. This issue has previously been

decided by this Court. See *Jordan v. State*, 207 Ga. App. 710, 712 (2) (429 SE2d 97) (1993). In *Jordan*, the trial judge furnished the jury with written copies of "only that portion of the charge with respect to which it had requested a recharge." Id. at 713. The Court noted that "[i]t is within the court's discretion to recharge only that which is specifically requested. It was not an abuse of discretion to recharge only that which was specifically requested nor, under the circumstances of this case, to do so in writing rather than orally again." (Citations and punctuation omitted.) Id. at 713.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED SEPTEMBER 10, 1996.

*William A. Jordan*, for appellant.
*Garry T. Moss, District Attorney*, for appellee.