# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1808
_____

Dewayne E. Fann,

              Appellant,

    v.

Michael Bowersox,

              Appellee.

\*  Appeal from the United States
\*  District Court for the
\*  Eastern District of Missouri.

_____

Submitted:  February 13, 2001

Filed:   April 27, 2001
_____

Before WOLLMAN, Chief Judge, BOWMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

WOLLMAN, Chief Judge.

Dewayne E. Fann appeals from the district court's[1] order denying his petition for writ of habeas corpus pursuant to 18 U.S.C. § 2254. We affirm.

---

[1]The Honorable Terry I. Adelman, United States Magistrate Judge for the Eastern District of Missouri, presiding pursuant to 28 U.S.C. § 636(c).

In 1992, a Missouri jury convicted Fann of first-degree murder and armed criminal action. Fann was found to be a prior and persistent offender and was sentenced to life imprisonment without the eligibility for parole on the murder charge and a consecutive term of life imprisonment on the armed criminal action conviction. After exhausting his state remedies, Fann timely filed a petition for writ of habeas corpus in the United States District Court for the Eastern District of Missouri. The court denied Fann's petition but issued a certificate of appealability

> in regard to claim two of Mr. Fann's petition, which alleged that the trial court erred in submitting a jury instruction patterned after MAI-CR3d 310.50, an instruction the Missouri Supreme Court later determined violated Due Process because it implicitly relieved the state of the burden of proving beyond a reasonable doubt that the defendant possessed the requisite mental state for the crime charged.

The instruction at issue in this case directed the jury that "an intoxicated condition from alcohol will not relieve a person of responsibility for his conduct." Subsequent to Fann's trial, the Missouri Supreme Court determined that this instruction, although not a misstatement of the law, created "a reasonable likelihood that the jury would believe that if defendant was intoxicated, he was criminally responsible regardless of his state of mind." State v. Erwin, 848 S.W.2d 476, 483 (Mo. 1993) (en banc). The court concluded that the jury instruction had the effect of "excusing the state from proving the defendant's mental state beyond a reasonable doubt" and accordingly violated the constitutional guarantee of due process. Id. The court further held, however, that "[t]his ruling shall be applicable only in cases tried in the future and cases now subject to direct appeal where the issue is preserved that [the instruction] violates due process because it relieved the state of its burden of proof as to the required mental state." Id. at 484.

We agree with the State's contention that Fann's arguments regarding the challenged instruction are procedurally defaulted. In an unpublished memorandum

accompanying the denial of Fann's consolidated appeal, the Missouri Court of Appeals determined that Fann failed to object to the jury instruction on constitutional grounds as required by Erwin and accordingly refused to grant relief. This ruling constitutes an adequate and independent state ground that bar our review of Fann's claim. See Coleman v. Thompson, 501 U.S. 722, 729 (1991) (federal courts will "not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment"). "In Missouri, it has always been the rule that to preserve a constitutional issue for review, the issue 'must be raised at the earliest time consistent with good pleading and orderly procedure.'" Owsley v. Bowersox, 234 F.3d 1055, 1058 (8th Cir. 2000) (quoting State v. Flynn, 519 S.W.2d 10, 12 (Mo. 1975)). Furthermore, Missouri requires that constitutional objections must be specific. Magenheim v. Board of Education, 340 S.W.2d 619, 621 (Mo. 1960). These long-standing state procedural rules are reflected in Erwin's requirement that a defendant must preserve a constitutional challenge to the jury instruction in question in order to benefit from the decision. Because "[a] federal court conducting habeas corpus review must ordinarily refrain from reviewing any issue that a state court has already found to be defaulted on an adequate and independent state-law basis," Owsley, 234 F.3d at 1058, we will not review further the merits of Fann's constitutional challenge to the jury instruction on intoxication.

Fann argues that his failure to object to the jury instruction should be excused. A petitioner can excuse a procedural default by demonstrating either (1) actual innocence or (2) cause and actual prejudice. Coleman, 501 U.S. at 748; Dejan v. United States, 208 F.3d 682, 685 (8th Cir. 2000). Fann does not contend that he is actually innocent of murder and armed criminal action. Rather, he attempts to demonstrate cause and prejudice, contending that his lawyer's failure to object to the jury instruction constituted ineffective assistance of counsel that constituted cause for his procedural default. We have held, however, that a lawyer's failure to anticipate

-3-

<u>Erwin</u> does not constitute ineffective assistance, <u>Parker v. Bowersox</u>, 188 F.3d 923, 929 (8th Cir. 1999), and thus Fann's argument to the contrary fails.[2]

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[2]We decline to consider Fann's contentions that raise issues beyond those specified in the certificate of appealability. <u>Cf.</u> <u>United States v. Morgan</u>, No. 99-2798, 2001 WL 322054 (8th Cir. Mar. 19, 2001).