## S01A0966. GRIFFIN v. THE STATE.
### (553 SE2d 271)

FLETCHER, Chief Justice.

Raymond Jermal Griffin, II was convicted of felony murder in the shooting death of Raymond Slaton.[1] He appeals, contending his

---

[1] The crime occurred January 18, 1999. The grand jury indicted Griffin on March 30,

trial counsel was ineffective in failing to request a pre-trial hearing to challenge the admissibility of his statements. Because Griffin has shown neither deficient performance nor prejudice resulting from counsel's decision, we affirm.

1. The evidence at trial showed that Slaton and a friend, David Barlow, had been smoking crack cocaine and wanted to buy more. The two drove to Griffin's neighborhood in Slaton's truck to buy crack from Griffin. Slaton persuaded Barlow to approach Griffin's house because Slaton owed Griffin money. When Barlow asked Griffin if he had any drugs, Griffin said he did not. Barlow and Slaton stayed in the neighborhood all day and attempted several times to visit a friend who lived there. In the late evening, Slaton walked to this friend's house and left Barlow in the truck. When Slaton had not returned, Barlow went to look for him. Barlow encountered Griffin, who told him that he had seen Slaton lying in a nearby alley. Barlow found Slaton shot and lying in the alley as Griffin had described, and Barlow left to call an ambulance. Slaton died the next day. Following arrest, Griffin made several conflicting statements in which he initially denied any involvement in the crime, but ultimately admitted shooting Slaton.

After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Griffin guilty of the crime charged.[2]

2. Griffin's statements to police were not recorded in any manner; the officers to whom he made the statements testified as to their content. Griffin contends that his trial counsel was ineffective in failing to challenge the admissibility of the statements in a *Jackson-Denno*[3] hearing or through a motion to suppress. To establish a claim of ineffective assistance of counsel at trial, a defendant must show that the attorney's performance was deficient and that the deficient performance prejudiced the defense.[4]

Griffin's trial counsel testified at the motion for new trial hearing that Griffin informed him that he did make the statements. In the absence of Griffin's testimony that he did not make the statements, all trial counsel could have done at a pre-trial hearing was cross-examine the officers and challenge their credibility, which he did at trial. Therefore, we conclude that trial counsel was not ineffec-

---

1999. Following a jury trial, Griffin was convicted of felony murder on January 11, 2000 and sentenced to life imprisonment. Griffin filed a motion for new trial on January 31, 2000, which was denied on February 14, 2001. Griffin filed a notice of appeal, and the case was docketed in this Court on March 27, 2001, and submitted for decision without oral arguments on May 21, 2001.

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] See *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).

[4] *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984).

tive in failing to raise the issue in a pre-trial motion.

Additionally, in order to establish prejudice, Griffin must demonstrate that, but for his counsel's error, the statements would have been excluded and, without the statements, the result of the trial likely would have been different.[5] At trial, the officers testified that Griffin was given warnings required by *Miranda v. Arizona*,[6] signed a waiver of counsel form, and made his statements freely and voluntarily, without being threatened or coerced or promised any benefit. During the motion for new trial, Griffin testified that he had not made the statements to police. The same judge presided at trial and at the hearing on the motion for new trial. Following the hearing, the trial judge concluded that Griffin's statements were voluntarily given and were admissible. Because the trial judge heard all the evidence that could have been presented at a pre-trial hearing and concluded that the statements were admissible, Griffin has failed to demonstrate prejudice.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 17, 2001.

*William D. Phillips*, for appellant.
*Howard Z. Simms, District Attorney, Thurbert E. Baker, Attorney General, Ruth M. Bebko, Assistant Attorney General*, for appellee.

---

[5] Id. at 694.

[6] 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).