## S01A1785. PALMER v. THE STATE.
### (560 SE2d 11)

CARLEY, Justice.

Dexter Palmer was found guilty of six counts of malice murder and, although the State sought the death penalty, the jury returned sentences of life imprisonment without parole. He appeals from the judgments of conviction and sentences entered by the trial court on the jury's verdicts.[1]

1. The bodies of all six victims were found in a single residence, and each had been shot or stabbed or both. The killings were apparently drug-related, as crack cocaine was being processed on the premises. After the murders, Palmer was in possession of a large sum of money and intimated that he had several kilos of cocaine at his disposal. The State's theory was that Palmer, acting in concert with Patrick Williams, killed the victims. In support of that hypothesis, the prosecution proved that those two were together shortly before and then soon after the murders took place. Later the same evening, appellant shot and killed Williams and then set fire to the automobile containing the co-conspirator's body. Leaving the scene of this additional murder, Palmer disposed of two guns and a knife. Ballistic testing connected both of these guns to the six murders, and one of them to the subsequent killing of Williams. After concealing the weapons, appellant hid bloody articles of clothing in his aunt's home. The blood proved to be from a number of the victims. One of the items which he left at his aunt's house was a torn right-hand glove. On this glove was a mixture of Palmer's blood and the blood of several of the victims. At the time of appellant's arrest, he had a laceration on his right hand in a location corresponding to the cut on the bloody glove. He asserted an alibi defense.

When construed most strongly in favor of the State, the evidence is sufficient to authorize a rational trier of fact to find proof beyond a

---

[1] The murders were committed on January 30, 1998. The grand jury indicted Palmer on February 16, 1998. The jury returned the guilty verdicts on September 17, 1999 and, the next day, returned the verdicts as to sentencing. On September 18, 1999, the trial court entered judgments of conviction and imposed sentencing. Palmer filed a motion for new trial on September 27, 1999, which the trial court denied on July 25, 2001. The notice of appeal was filed on August 10, 2001, and the case was docketed in this Court on August 24, 2001. The appeal was submitted for decision on October 15, 2001.

reasonable doubt that Palmer was guilty of the six counts of malice murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The subsequent murder of Williams was admissible as res gestae evidence. *Bell v. State*, 234 Ga. 473 (1) (216 SE2d 279) (1975); *Swain v. State*, 162 Ga. 777, 780 (2) (135 SE 187) (1926).

3. In two related enumerations of error, appellant urges that the trial court erred in refusing to allow him to introduce evidence concerning the solicitation and commission of other contemporaneous murders in the area. While a defendant is entitled to show that another person committed the charged crime, the proffered evidence must also raise a reasonable inference of the defendant's own innocence. *Holiday v. State*, 272 Ga. 779, 781 (3) (534 SE2d 411) (2000). Palmer's proffer did not support an inference of misidentification, because it failed to show that the perpetrators of the extraneous crimes also committed the six murders for which he was charged. *Burton v. State*, 191 Ga. App. 822 (2) (383 SE2d 187) (1989). Thus, the trial court properly excluded the irrelevant evidence.

4. The trial court did not err in permitting the State to impeach appellant's sister's trial testimony by proof of her prior inconsistent statement to the police. *Duckworth v. State*, 268 Ga. 566, 567 (1) (492 SE2d 201) (1997); OCGA § 24-9-83.

5. In the motion for new trial, Palmer raised the issue of his trial counsel's effectiveness. He contends that the trial court erred in failing to grant a new trial on this ground.

On cross-examination of a State's witness, the prosecutor objected to a question and, outside the presence of the jury, contended that a response would jeopardize an undercover drug investigation. When the jury returned, defense counsel withdrew the inquiry. Appellant contends that, by posing and then withdrawing the question, the attorney may have given the jurors the impression that he was concealing from them prejudicial information about his client. According to Palmer, an effective lawyer would never have asked the question. However, the trial court concluded that the assertion of a negative inference arising from trial counsel's conduct was "mere speculation." This conclusion is not clearly erroneous, because it is just as logical to presume that the jury reached the correct conclusion that the State objected because the answer would be inadmissible and that Palmer's attorney acquiesced in the validity of that objection. "To establish a claim of ineffective assistance of counsel at trial, a defendant must show that the attorney's performance was deficient and that the deficient performance prejudiced the defense. [Cit.]" *Griffin v. State*, 274 Ga. 211, 212 (2) (553 SE2d 271) (2001). See *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). The trial court was authorized to find that appel-

lant did not satisfy either prong simply by showing that his attorney asked a question on cross-examination and then withdrew it after the State objected.

Palmer also urges that his trial counsel was ineffective for failing to call three additional alibi witnesses. After hearing the proffer of these witnesses' testimony at the hearing on the motion for new trial, the trial court found that they could not exclude the possibility of appellant's presence at the crime scene when the murders occurred. Counsel is not ineffective because he does not call additional witnesses whose vague testimony could not corroborate appellant's alibi. *Billups v. State*, 272 Ga. 15, 16 (2) (b) (523 SE2d 873) (1999). Moreover, the trial court also found that the defense had interviewed two of the three before trial, at which time they denied having seen Palmer on the night of the killings. The trial court found that appellant had not informed his attorney that the third person was a potential alibi witness. Effectiveness is not judged by hindsight. *Wallace v. State*, 272 Ga. 501, 504 (3) (b) (530 SE2d 721) (2000). The trial court did not err in finding that appellant failed to show that his trial counsel was ineffective under the *Strickland* standard.

*Judgments affirmed. All the Justices concur.*

DECIDED FEBRUARY 25, 2002.

*McCullough & Swindell, Hugh J. McCullough*, for appellant.
*J. Thomas Durden, Jr., District Attorney, Thurbert E. Baker, Attorney General, Wylencia H. Monroe, Assistant Attorney General*, for appellee.