S03A1134. RICKMAN v. THE STATE.
(587 SE2d 596)

SEARS, Presiding Justice.

The appellant, Luther Rickman, appeals from his conviction for the murder of Judy Fetzer and the simple assault of Marilyn Dills.[1]

---

[1] The crimes occurred on January 22, 2000, and Rickman was indicted on March 15, 2000, for the malice murder and felony murder of Fetzer and for the simple assault of Dills.

On appeal, Rickman contends that, for several reasons, he received ineffective assistance of trial counsel. We conclude, however, that trial counsel either did not provide deficient performance for the reasons alleged or that Rickman has failed to prove the prejudice prong of his ineffectiveness claim. Accordingly, we affirm the trial court's judgment.

1. The evidence, viewed in the light most favorable to the verdict, would have authorized a rational trier of fact to conclude that Rickman and Fetzer went to a friend's house on the day of the crimes; that Fetzer and Dills left the friend's home to return to Rickman's home without telling Rickman; that Rickman became angry when he learned that Fetzer and Dills had left; that Rickman obtained a ride to his home from a friend; and that when he arrived at his home, he beat and strangled Fetzer to death and assaulted Dills. The evidence also would have authorized a rational trier of fact to conclude that Rickman then put Fetzer's body in his pickup truck; that he drove to the Atlanta airport and parked his truck there; and that he fled Georgia and went to Texas. Fetzer's body was discovered at the airport about a month after the crimes, and Rickman turned himself in to the police in Texas about two months after the crimes. In addition to evidence concerning the crimes for which Rickman was on trial, the State introduced evidence of prior difficulties between Rickman and Fetzer. In this regard, Mike Hauck, a lifelong friend of Rickman's, testified that he lived with Fetzer and Rickman in the fall of 1999, and that one day when Fetzer and Rickman had an argument, he saw Rickman repeatedly kick and hit Fetzer. Hauck added that Rickman threatened to kill Fetzer that day. A physician who treated Fetzer after that beating testified that she had bruises on the back of both of her ears, bruises on her skull, a large bruise on her right shoulder, bruises on her side, and a bruise in the middle of the chest.

Having reviewed the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found

---

On August 23, 2000, a jury found Rickman guilty of all three crimes. The felony murder conviction was vacated by operation of law, *Malcolm v. State*, 263 Ga. 369, 371-372 (4) (434 SE2d 479) (1993), and on August 24, 2000, the trial court sentenced Rickman to life in prison for malice murder and to twelve consecutive months in prison for simple assault. On September 1, 2000, Rickman's trial counsel filed a motion for new trial, and on August 27, 2001, the trial court denied that motion. Rickman's trial counsel filed a notice of appeal on September 4, 2001. Rickman subsequently obtained new counsel for appeal, and that attorney moved this Court to remand the case to the trial court for a hearing on claims of ineffective assistance of trial counsel. On April 15, 2002, this Court granted that motion. On remand, Rickman filed an amended motion for new trial, and on October 31, 2002, the trial court denied the motion for new trial, as amended. Rickman filed a notice of appeal on November 13, 2002, and the appeal was docketed in this Court on April 15, 2003. The appeal was orally argued on July 15, 2003.

Rickman guilty beyond a reasonable doubt of malice murder and simple assault.[2]

2. Rickman first contends that his trial counsel was ineffective for failing to object when the trial court gave a partial recharge to the jury in writing. Rickman contends that giving a partial recharge in writing creates the potential for prejudice by inviting the jury to place undue emphasis on the charges contained in the recharge. For the reasons that follow, we conclude that Rickman's counsel was not ineffective for failing to object.

To prevail on a claim of ineffective assistance of counsel, a defendant must show "both that counsel's performance was deficient and that the deficient performance was prejudicial to his defense."[3] At the time of Rickman's trial, both this Court and the Court of Appeals had held on several occasions that a trial court has the discretion to give a partial recharge to the jury in writing.[4] Rickman acknowledges these cases, but contends that this rule is not followed in some other jurisdictions,[5] that the rationale for the rule is flawed, and that Rickman's trial counsel should have objected in the present case. Although we acknowledge that there can be risks associated with the giving of a partial written jury instruction on recharge, in order to resolve this case, we need not revisit the merits of the rule currently followed in Georgia. One reason is that "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circum-

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] *Collins v. State*, 276 Ga. 726, 727 (583 SE2d 26) (2003).

[4] *Patterson v. State*, 264 Ga. 593, 594 (449 SE2d 97) (1994); *Miner v. State*, 268 Ga. 67-68 (485 SE2d 456) (1997); *Columbus v. State*, 270 Ga. 658, 666 (513 SE2d 498) (1999); *Jordan v. State*, 207 Ga. App. 710, 712-713 (429 SE2d 97) (1993); *Elrod v. State*, 222 Ga. App. 704, 708-709 (475 SE2d 710) (1996); *Caldwell v. State*, 245 Ga. App. 630, 632-633 (538 SE2d 531) (2000). See also *Mayfield v. State*, 276 Ga. 324, 327, n. 3 (578 SE2d 438) (2003).

[5] Rickman relies on *People v. Owens*, 509 NE2d 314 (NY 1987), in which the trial court gave a complete oral instruction, and then on its own motion, provided the jury with a written copy of a portion of the oral charge. The New York Court of Appeals held that giving only a part of the charge in writing to the jury, *"particularly in the absence of any request from the jury for further instruction*, creates a risk that the jury will perceive the writing as embodying the more important instructions, inviting greater attention to the principles that are repeated in writing than those simply recited orally." Id. at 317 (emphasis supplied). Compare *People v. Moore*, 525 NE2d 460, 462 (NY 1988), in which the court declined to apply *Owens* when the jury specifically requested a recharge on the felony murder counts of the indictment. Rickman also relies on *Commonwealth v. Karaffa*, 709 A2d 887 (Pa. 1998), in which the court disapproved the practice of providing the jury with a written copy of the complete jury charge. This Court, however, has specifically approved that practice in this State. *Anderson v. State*, 262 Ga. 26, 27 (413 SE2d 732) (1992). See also *United States v. Ehrlich*, 902 F2d 327, 330 (5th Cir. 1990), cert. denied, 498 U. S. 1069 (111 SC 788, 112 LE2d 851) (1991) (when a jury is initially charged orally but is later given a partial written recharge in response to a request for a recharge, "there is no error unless, under the totality of the circumstances, the court's written response creates an unbalanced charge prejudicial to the defendant.").

stances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."[6] In addition, it has been held that "in making litigation decisions, 'there is no general duty on the part of defense counsel to anticipate changes in the law,' "[7] and that " '[o]nly in a rare case' would it be ineffective assistance by a trial attorney not to make an objection that would be overruled under prevailing law."[8]

Because the prevailing case law at the time of Rickman's trial granted the trial court the discretion to give recharges in writing and because the trial court in this case gave a cautionary instruction that the jury should not put any more emphasis on the recharge than on the initial charge and should consider all the charges that they had received,[9] trial counsel's failure to object cannot be judged to be deficient performance. Accordingly, we conclude that this claim of ineffective assistance of counsel is without merit.

3. Rickman next contends that trial counsel provided ineffective assistance by failing to move the trial court to strike a prospective juror for cause. In this regard, Rickman contends that this juror could have been stricken for cause because he was the former chief of police of a city that is located in the county in which Rickman was prosecuted; because he knew Rickman's reputation for violence; and because he had assisted in an arrest of Rickman in 1992.[10] For the following reasons, we conclude that Rickman's claim of ineffectiveness of counsel is without merit.

First, the rule requiring that police officers automatically be stricken for cause does not apply to former police officers such as the prospective juror in this case,[11] who at the time of trial was self-employed as a grading contractor. Thus, trial counsel was not ineffective for failing to move that the prospective juror be automatically stricken for cause by virtue of his former position as chief of police.

We next turn to Rickman's contention that trial counsel provided ineffective assistance by failing to question the prospective juror during voir dire about his knowledge of Rickman's reputation for violence and about whether he had assisted in any arrests of Rickman and by failing to move that the prospective juror be stricken for

---

[6] *Strickland v. Washington*, 466 U. S. 668, 689 (104 SC 2052, 80 LE2d 674) (1984).

[7] *Sistrunk v. Vaughn*, 96 F3d 666, 670 (3rd Cir. 1996), quoting *Government of the Virgin Islands v. Forte*, 865 F2d 59, 62 (3rd Cir. 1989). Accord *United States v. Ardley*, 273 F3d 991, 993 (11th Cir. 2001); *Lott v. Coyle*, 261 F3d 594, 609 (6th Cir. 2001); *Fann v. Bowersox*, 247 F3d 841, 843 (8th Cir. 2001).

[8] *Sistrunk*, 96 F3d at 671, quoting *Forte*, 865 F2d at 62.

[9] See *Duffie v. State*, 273 Ga. 314, 315-317 (540 SE2d 194) (2001).

[10] Although this information came out at the hearing on Rickman's motion for new trial, Rickman's trial counsel testified that at the time of trial, he knew that the prospective juror had been a chief of police.

[11] *Butts v. State*, 273 Ga. 760, 763-764 (546 SE2d 472) (2001).

cause. Even assuming that trial counsel provided deficient performance by failing to question the prospective juror about these matters, we conclude that Rickman failed to prove the prejudice prong of his ineffectiveness claim.

In order for Rickman to carry his burden to show prejudice on his ineffectiveness claim, he had the burden to show at the motion for new trial hearing that, but for counsel's alleged errors, the trial court would have abused its discretion in failing to excuse the prospective juror for cause.[12] Having examined the voir dire transcript and the transcript of the motion for new trial hearing, we conclude that Rickman failed to satisfy this burden. First, we conclude that the record does not show that the prospective juror's knowledge of Rickman's reputation for violence[13] or the fact that he had assisted in an arrest of Rickman in 1992 constituted a compelling bias that would have required his excusal as a matter of law.[14] Second, there is no evidence that the prospective juror had any opinion concerning Rickman's guilt or innocence and no evidence that the prospective juror could not decide the case based on the evidence and the court's instructions.[15] For these reasons, Rickman has failed to show that, if trial counsel had questioned the prospective juror at trial regarding his knowledge of Rickman's reputation for violence and regarding the fact that he had assisted in an arrest of Rickman, the trial court would have abused its discretion by failing to strike the prospective juror for cause. Rickman thus has failed to satisfy the prejudice prong of his ineffectiveness claim.

4. Finally, having examined Rickman's remaining two claims of ineffective assistance of counsel,[16] we conclude that Rickman failed to carry his burden to prove either the performance or prejudice prongs of these ineffectiveness claims.[17]

---

[12] See *Griffin v. State*, 274 Ga. 211, 213 (553 SE2d 271) (2001); *Columbus*, 270 Ga. at 661-663; *Goodwin v. Cruz-Padillo*, 265 Ga. 614, 615 (458 SE2d 623) (1995).

[13] At the motion for new trial hearing, the prospective juror testified that, although he knew Rickman had a reputation for violence, he had no opinion concerning that reputation. Moreover, during voir dire, the prosecutor asked the prospective jurors who had indicated that they knew Rickman to respond if there was anything about their knowledge of Rickman that would affect their judgment in the case. The prospective juror in question did not respond, thus indicating that his knowledge of Rickman would not affect his judgment.

[14] See *Floyd v. State*, 272 Ga. 65, 67 (525 SE2d 683) (2000); *Garland v. State*, 263 Ga. 495, 496 (435 SE2d 431) (1993).

[15] See *Head v. State*, 276 Ga. 131, 133 (575 SE2d 883) (2003). Accord *Garland v. State*, 263 Ga. at 496; *Johnson v. State*, 262 Ga. 652, 653 (424 SE2d 271) (1993).

[16] Rickman contends that the State improperly commented on his right to remain silent on two occasions, and that trial counsel provided ineffective assistance by failing to object to the State's comments.

[17] As for the prejudice prong of Rickman's ineffectiveness claim, we note that an improper comment on a defendant's silence may be harmless error, where, as here, there is overwhelming evidence of guilt. See *Wright v. State*, 275 Ga. 427, 428 (569 SE2d 537) (2002);

*Judgment affirmed. All the Justices concur, except Carley and Hines, JJ., who concur in Divisions 1, 3, and 4 and in the judgment.*

DECIDED SEPTEMBER 22, 2003 —
RECONSIDERATION DENIED NOVEMBER 7, 2003.

*Brian Steel*, for appellant.
*Michael H. Crawford*, District Attorney, *Thurbert E. Baker*, Attorney General, *Madonna M. Heinemeyer*, Assistant Attorney General, for appellee.

---

*Barnes v. State*, 269 Ga. 345, 352 (496 SE2d 674) (1998).