[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 20, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-10908
Non-Argument Calendar

_____

D. C. Docket No. 05-00419-CV-CAR-5

DEXTER RAMONE PALMER,

Petitioner-Appellant,

versus

HUGH SMITH,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(December 20, 2006)**

Before TJOFLAT, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

I.

Dexter Ramone Palmer, a Georgia state prisoner proceeding pro se, appeals the district court's denial of habeas relief.[1]

II.

Palmer was found guilty of six counts of malice murder in state court and sentenced to life imprisonment without parole. His conviction and sentence were affirmed on direct appeal. Palmer v. State, 274 Ga. 796, 560 S.E.2d 11 (2002). After a state habeas petition failed, Palmer then filed a federal habeas petition under 28 U.S.C. § 2254, which raised 33 claims. Palmer later moved to amend his petition to add four additional grounds; three claims of ineffective assistance of counsel in connection with prosecutorial conduct, improper impeachment, his being permitted to testify at trial, and the use of perjured testimony, and one claim challenging the make-up of the jury. The court granted the motion to amend.

The state did not address Palmer's four additional claims in responding to his § 2254 petition, but rather, argued that the 33 original claims were procedurally defaulted. The district court issued an order to show cause whether Palmer could overcome the default. In response, Palmer alleged he could establish cause and prejudice, and he made reference to the use of perjured testimony and improper

---

[1] Palmer filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-32, 110 Stat. 1214 (1996), and, therefore, the provisions of that act govern this appeal.

impeachment. Palmer, however, did not otherwise call attention to the state's failure to address his four additional claims in its response to his petition. The magistrate judge then issued a report and recommendation that the petition be dismissed. This recommendation, however, did not address the four claims raised in Palmer's amended petition.

Palmer filed objections to the recommendation of the magistrate judge. Although he did not notify the court that the four claims raised in the amended petition had not been addressed, Palmer did offer argument on those issues as part of his objection. Palmer then moved for judgment on the pleadings, directing the court's attention to his amended habeas petition. The next day, the district court adopted the magistrate judge's recommendation and dismissed the petition. Palmer moved for reconsideration, again raising at least one of the claims identified in the amended petition. The court denied the motion. The district court also denied Palmer's request for a certificate of appealability. This court then issued a certificate of appealabilty on the following issue: "Whether the district court violated Clisby v. Jones, 960 F.2d 925, 938 (11th Cir. 1992) (en banc), by failing to address appellant's four claims raised in the amended petition filed July 18, 2005."

On appeal, Palmer argues the merits of his four claims raised in the amended petition. The state responds that Palmer waived his argument because he did not

3

respond to the issue identified in the certificate of appealability. Nevertheless, the state also argues that remand is not warranted because Palmer never notified the district court that it had not addressed all of his claims, and his reference to the four claims in his motion for judgment on the pleadings was not an appropriate or timely objection to the magistrate judge's recommendation. Finally, addressing the four claims, the state asserts that the claims were procedurally defaulted. Palmer replies that the district court improperly dismissed his petition without considering his amended claims.

### III.

We review a district court's denial of a habeas petition under 28 U.S.C. § 2254 de novo. Maharaj v. Sec'y Dept. Of Corr., 305 F.3d 1345, 1348 (11th Cir. 2002).

### IV.

We liberally construe Palmer's pro se brief, and conclude that he did not waive the issue of whether the district court violated Clisby. See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.").

In Clisby, this court instructed district courts to "resolve all constitutional claims presented in a petition for writ of habeas corpus pursuant to 28 U.S.C.

4

2254[] before granting or denying relief." 960 F.2d at 927-28. This court expressed its "deep concern over the piecemeal litigation of federal habeas petitions filed by state prisoners, as exemplified by the district court's failure to resolve all claims in this case." 960 F.2d at 925. As a result, "[w]hen a district court does not address all such claims, [this court] will vacate the district court's judgment without prejudice and remand the case for consideration of all remaining claims whenever the district court has not resolved all such claims." Id. at 938.

Here, Palmer added four claims in an amended petition. The state did not address the claims in its answer, and the magistrate judge did not make a recommendation on the disposition of those claims. Although Palmer did not notify the court in his objections that the magistrate judge failed to consider the claims, he did bring it to the court's attention in a motion for judgment on the pleadings, which was filed before the district court issued its order denying relief. Thus, the district court failed to consider all of the pending claims as required by Clisby. Therefore, we vacate without prejudice and remand for further proceedings consistent with this opinion.

**VACATED and REMANDED**