A91A0551. WILSON v. THE STATE.
(406 SE2d 293)

BEASLEY, Judge.

Wilson was convicted of two counts of rape, OCGA § 16-6-1 (a), two counts of statutory rape, OCGA § 16-6-3 (a), and one count of oral sodomy, OCGA § 16-6-2 (a), involving his fiancee's two teenage daughters. His amended motion for new trial included a claim that he was denied effective assistance of trial counsel, which claim was rejected following a hearing at which appointed trial counsel testified. On appeal he challenges this ruling and enumerates also that the trial court erroneously commented on the credibility of a defense witness.

Although appellant claimed below that he was denied effective assistance of counsel as guaranteed under both the State and Federal

constitutions, on appeal he relies on authority which does not address the State ground. It is deemed abandoned and we move to the federal ground.

1. "*Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), establishes the benchmarks for determining whether trial counsel's representation of a defendant in a criminal case was so deficient as to result in the denial of the defendant's right to assistance of counsel under the Sixth Amendment. *Strickland* requires a convicted defendant complaining of ineffective assistance of counsel to make a two-part showing.

"Under *Strickland's* first component, the defendant must show that counsel's representation 'fell below an objective standard of reasonableness.' 466 U. S. at 688. In regard to this component, *Strickland* emphasizes that counsel's 'overarching duty' is 'to advocate the defendant's cause . . . to bring to bear such skill and knowledge as will render the trial a reliable adversarial testing process.' Id. at 688. In determining whether the defendant has established that counsel's performance was constitutionally deficient, the court should keep in mind that 'counsel's function . . . is to make the adversarial testing process work in the particular case.' Id. at 690. '(C)ounsel has a duty to make reasonable investigations.' Id. at 691. Moreover, the defendant must 'overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." ' Id. at 689, citing *Michel v. Louisiana*, 350 U. S. 91, 101 (76 SC 158, 164, 100 LE 83) (1955)." *Jowers v. State*, 260 Ga. 459, 462 (2) (396 SE2d 891) (1990).

The record reveals the following: Defense counsel had no particular strategy for selecting a jury. Prior to jury selection, a defense witness overheard two prospective jurors, a man and a woman, discussing appellant's case. The woman stated that cases like appellant's were a waste of time because he was guilty and appellant might as well be sent on to prison. The man agreed and questioned how a man could do this to children. The defense witness related the exchange and pointed out the man and woman to defense counsel. The woman was selected to serve on the jury.

During the course of the trial it was apparent that defense counsel was confused about applicable rules of evidence, such as the "rape shield" statute (OCGA § 24-2-3), and appropriate objections to challenge admissibility of the State's evidence.

Appellant's defense was complete denial of commission of the acts. The State's main evidence was the testimony of the alleged victims who related in detail sexual activity with appellant. Therefore, the credibility of the victims versus that of appellant was critical. Yet defense counsel failed to cross-examine either girl about the sexual activity. Nor did counsel question them about prior inconsistent

statements, i.e., statements to the effect that they had invented the charges against appellant in order to remove him from their home.

One State's witness testified that while drunk at a party, appellant had admitted having sexual relations with the older girl. The witness had previously related that appellant on the occasion in question had merely expressed the opinion that if he wished, he could have sex with the girl. This previous varying statement was in the State's file which had been made available to defense counsel, but defense counsel did not explore the discrepancy. Defense counsel did not anticipate that the witness would testify to appellant's alleged admission.

Several defense witnesses were not questioned effectively by defense counsel. The witnesses later related that if appropriate questions had been asked, they would have testified about the victims' statements of falsifying the charges, about the victims' bad reputations in the community, and that the witnesses would not have believed the victims under oath.

Appellant's son stated at the motion hearing that prior to trial the older girl told him she was sorry for getting appellant in trouble but that she had had to get appellant out of the house because he was too strict, that she hated appellant but that appellant had not had sex with her. The son related such information to defense counsel, but even though the son attended appellant's trial and was available to testify, he was not called as a witness.

Due apparently to religious beliefs, appellant and the victims' mother, who testified on behalf of appellant, refused to swear their oaths but rather chose to affirm them. Defense counsel did not request or provide any explanation to the jury about the refusals to swear in order to avoid any misimpression that the testimony would thus be inferior or somehow less credible.

Without considering the remainder of appellant's points, these deficiencies reflect "that counsel did not 'adequately investigate the case,' that he did not 'make the adversarial testing process work,' and that his omissions in this regard cannot be considered 'sound trial strategy.' " *Jowers*, supra at 462 (2).

The inquiry does not end there. "The second component of the *Strickland* test requires the defendant to show prejudice. 'Concerning the prejudice component, the Court [in *Strickland*] held that the defendant must show that there is a reasonable probability (i.e., a probability sufficient to undermine confidence in the outcome) that, but for counsel's unprofessional errors, the result of the proceeding would have been different (104 SC 2068).' *Smith v. Francis*, 253 Ga. 782, 783 (1) (325 SE2d 362) (1985)." Id.

The evidence was legally sufficient, including corroborating evidence, see *McClendon v. State*, 187 Ga. App. 666, 668 (371 SE2d 139) (1988), to enable a rational trier of fact to find appellant guilty of the

crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). But the evidence was not overwhelming. The State's case rested largely on the credibility of the victims. Appellant has demonstrated that it was seriously suspect and that there is a reasonable probability that but for counsel's substandard advocacy, the result of his trial would have been different. Appellant is entitled to a new trial. See OCGA § 16-1-8 (d) (2).

2. The ruling in Division 1 makes it unnecessary to address the remaining contention of error.

*Judgment reversed. Banke, P. J., and Carley, J., concur.*

DECIDED JUNE 6, 1991.

*Wade M. Crumbley,* for appellant.

*Tommy K. Floyd, District Attorney, Marie R. Banks, Assistant District Attorney,* for appellee.