## S06A1473. GREEN v. THE STATE.
### (638 SE2d 288)

BENHAM, Justice.

Bernard William Green appeals in this case from his conviction for the malice murder of Jerry Post.[1] The evidence at trial showed the victim's wife Debra told her friend Annette Kelly she wanted to find someone to kill her husband. Kelly introduced Debra Post to Green to whom Debra Post eventually paid $13,000 for the murder. Green recruited Michael Raysor to be the triggerman and, provided with information about Jerry Post's work schedule, drove Raysor to Jerry Post's workplace where Post was preparing his truck for a trip. Using a gun Green had acquired for the purpose, Raysor shot Jerry Post to death. Six months later, Raysor's brother Gerald, seeking reward money, gave information to law enforcement authorities which led to murder charges against Green, Debra Post, Kelly, and Michael Raysor. The others all pled guilty to charges arising from their roles in the plot and testified against Green at his trial.

1. The evidence adduced at trial and summarized above was sufficient to authorize a rational trier of fact to find Green guilty beyond a reasonable doubt of malice murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Green asserts on appeal he was denied effective assistance of counsel at trial.

> In order to establish ineffectiveness of trial counsel, . . . appellant must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense. [Cit.] There is a strong presumption that the performance of trial counsel "falls within the wide range of reasonable professional assistance." [Cit.] The reasonableness of the conduct is viewed at the time of trial and under the circumstances of the case. [Cit.]

*Harris v. State*, 280 Ga. 372, 374 (3) (627 SE2d 562) (2006).

---

[1] The murder was committed on October 25, 2001; a Douglas County grand jury indicted Green for malice murder on September 27, 2002; and Green was arrested on October 14, 2002. The State gave notice on November 26, 2002, of its intention to seek the death penalty. At a trial conducted September 27 to October 11, 2004, the jury found Green guilty of malice murder and, in a bifurcated sentencing trial, found two aggravating circumstances, that the murder was committed for money and that Green caused and directed another to commit the crime. Pursuant to the verdicts and a pretrial stipulation that the death penalty would not be imposed, the trial court sentenced Green to life imprisonment without the possibility of parole. Green's motion for new trial, filed on October 22, 2004, amended on November 30, 2005, and heard on December 5, 2005, was denied by an order filed on March 9, 2006. Pursuant to a timely notice of appeal filed on March 31, 2006, this appeal was docketed in this Court on May 5, 2006, and was submitted for decision on the briefs.

Because trial counsel failed to comply with reciprocal discovery procedures, the trial court did not permit impeachment of Gerald Raysor by introduction of certified copies of his felony convictions. The Court of Appeals found such a discovery failure to constitute ineffective assistance of counsel in *Gibbs v. State*, 270 Ga. App. 56 (2) (606 SE2d 83) (2004). However, while trial counsel's failure to make discovery in the present case must be considered deficient performance, it did not produce the prejudice which led the Court of Appeals in *Gibbs* to reverse the conviction. In *Gibbs*, the State's case was based almost entirely on a single witness's identification, making the strength of the defense of mistaken identity particularly crucial. Because the excluded evidence would have disproved the State's argument that Gibbs changed his appearance sometime after the robbery and would have corroborated the impeached testimony of two defense witnesses, the Court of Appeals found a reasonable probability that the result would have been different but for counsel's deficient performance. In the present case, however, notwithstanding trial counsel's discovery failure, the jury was informed of the witness's criminal history during both direct examination by the State and cross-examination by the defense and was instructed on the law of impeachment. Under those circumstances, we agree with the trial court that Green has not made the necessary showing under the prejudice prong of a claim of ineffective assistance of counsel that "a reasonable probability exists that, but for counsel's errors, the outcome of the trial would have been different. [Cits.]" *Myers v. State*, 275 Ga. 709, 713 (4) (572 SE2d 606) (2002).

Green contends trial counsel was ineffective in failing to make a proper objection to the introduction of a prior consistent statement of a witness who trial counsel had cross-examined vigorously regarding his motives for testifying against Green. Then, Green asserts, trial counsel compounded his error by bolstering the testimony of that witness during cross-examination of the detective who read the witness's prior statement. Because the witness's veracity was placed in issue by cross-examination regarding his motives in testifying, his prior consistent statement was admissible. *Tuff v. State*, 278 Ga. 91 (4) (597 SE2d 328) (2004). Since any objection trial counsel could have made would have been meritless and failure to make a meritless objection cannot be evidence of ineffective assistance (*Hayes v. State*, 262 Ga. 881 (3) (c) (426 SE2d 886) (1993)), no ineffectiveness of counsel is shown with regard to the failure to make an effective objection to the admission of the prior consistent statement.

We are persuaded by our review of the testimony at trial that Green's assertion on appeal that trial counsel bolstered the testimony of a prosecution witness is at odds with the record. The purported bolstering occurred during an exchange with a detective in which

trial counsel pointed out inconsistencies and contradictions in the testimony of a witness whose statements the detective had relied upon in concluding Green was responsible for the murder. After establishing the defects in the witness's statement, trial counsel asked the detective whether, in light of those matters, he believed the witness. We conclude counsel was not bolstering the witness's testimony but was seeking to undermine that testimony by mocking the detective's belief in a witness whose statements were so inconsistent. Although the tactic may have been ineffective, we perceive trial counsel's attempt to undermine the testimony of the State's witness as a matter of reasonable strategy. Decisions by trial counsel amounting to reasonable trial strategy do not constitute deficient performance. *Harris v. State*, 280 Ga. 372 (3) (627 SE2d 562) (2006).

Citing *Kirkland v. State*, 274 Ga. 778 (1) (560 SE2d 6) (2002), and *Wilson v. State*, 199 Ga. App. 900 (1) (406 SE2d 293) (1991), Green contends trial counsel's ignorance of the law in three instances constituted ineffective assistance of counsel. This argument is based on an objection to the admission of evidence, which objection trial counsel admitted on motion for new trial was based on his lack of understanding of the law; on an unsuccessful and ill-timed challenge to the jury venire; and on a procedural mistake in the process of obtaining funds for an investigator which mistake trial counsel also admitted stemmed from his lack of understanding of the law on that subject. Green does not suggest, however, any legal impact of trial counsel's lack of understanding of the law. The situations in *Kirkland* and *Wilson* were significantly different from the present case in that trial counsel's lack of understanding of the law in those cases resulted in prejudice: the exhaustion of peremptory challenges and the seating on the jury of a stockholder in the corporation alleged to be the victim of the crime in *Kirkland*; and a failure to make the adversarial process work in *Wilson*. Here, trial counsel made an objection which the trial court overruled, and Green does not suggest on appeal that trial counsel could have made a valid objection; trial counsel made a challenge to the jury venire which the trial court rejected, and Green does not suggest any basis on which the challenge could have succeeded; and trial counsel failed to persuade the trial court to permit a request for funds for an investigator to proceed ex parte, but the trial court gave the defense the requested funds. As to none of these events does Green ascribe on appeal any observable negative effect on the defense. Under those circumstances, we conclude Green has not borne "the burden of showing that 'but for the deficient performance, there was a reasonable likelihood that the outcome of the trial would have been different.' [Cit.]" *Riggins v. State*, 279 Ga. 407, 409 (614 SE2d 70) (2005).

Relying on trial counsel's assertion in arguing a motion for continuance prior to trial that the prosecution had delivered a large quantity of discovery materials counsel had not had an opportunity to review, and on trial counsel's statement on motion for new trial that he had relied in large part on a former co-counsel's review of the material, Green asserts trial counsel failed to make adequate preparation for trial. Green does not point out, however, any occurrence at trial demonstrating a lack of preparation. The trial court noted on motion for new trial that the record shows trial counsel had reviewed the material provided by the prosecution, had investigated the case, had filed and argued pre-trial motions, and had adequate time to prepare for trial. " 'In reviewing a lower court's determination of a claim of ineffective assistance of counsel, an appellate court gives deference to the lower court's factual findings, which are upheld unless clearly erroneous; the lower court's legal conclusions are reviewed de novo.' [Cit.]" *Moore v. State*, 278 Ga. 397 (2) (603 SE2d 228) (2004). Based on our review of the record, the trial court's findings cannot be considered clearly erroneous, and based on those findings we conclude, as did the trial court, that the assertion of ineffective assistance of counsel predicated on insufficient trial preparation is without merit.

Green's final claim of ineffectiveness concerns trial counsel's failure to present evidence in support of his motion for a change of venue, relying instead on statements in his place. However, Green has presented no evidence post-trial to suggest the trial's setting was inherently prejudicial or the jury selection process showed actual prejudice to a degree that rendered a fair trial impossible. Since a complete failure to make a motion for change of venue would not constitute ineffective assistance of counsel under those circumstances (*Williams v. State*, 277 Ga. 853 (6) (d) (596 SE2d 597) (2004); *Moore v. State*, 274 Ga. App. 432 (2) (c) (618 SE2d 122) (2005)), we conclude the failure to support the motion adequately likewise does not show ineffectiveness under those circumstances.

3. In his remaining enumeration of error, Green returns to his contention that trial counsel improperly bolstered the testimony of a prosecution witness, now asserting the trial court should have intervened to prevent the bolstering. Since we concluded in our consideration of the claim of ineffective assistance of counsel that the claim of bolstering was unfounded, it follows the trial court did not err in failing to intervene.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 28, 2006.

*Mary Erickson*, for appellant.

*J. David McDade, District Attorney, Thurbert E. Baker, Attorney General, Vonnetta L. Benjamin, Assistant Attorney General,* for appellee.