## S06A2047. PAIGE v. THE STATE.
### (639 SE2d 478)

SEARS, Chief Justice.

In 2004, Michael Paige was convicted of felony murder, aggravated assault, and armed robbery in connection with the shooting death of Leonard Watts.[1] Paige appeals, arguing that the trial court erroneously admitted the prior inconsistent statements of a certain witness and improperly dismissed a juror based on his relationship to the defendant. Finding no merit to these contentions, we affirm the convictions.

1. The evidence presented at trial showed that on February 18, 2003, Leonard Watts was shot and killed in Atlanta while someone was attempting to steal his vehicle. After the murder, Paige told Jonathan Smith that the victim's vehicle was located in a nearby wooded area. Paige, Smith, and Paige's uncle then went to the wooded area, stripped stereo parts from the victim's vehicle, and took the parts to Paige's cousin's house.

Police located the victim's vehicle but were unable to detect any fingerprints. The victim's cell phone was missing, and phone records indicated that a call had been placed on the victim's cell phone to Paige's grandmother from the place where the vehicle was located. Police obtained a search warrant for Paige's cousin's home, where they located some of the victim's belongings.

Smith told police that Paige admitted to him that he had shot the victim. Smith's mother testified that Smith told her that Paige was responsible for the shooting. Two of Paige's cousins also testified that Paige had admitted to them that he had killed the victim. One of Paige's cousins testified that after she learned that the police had searched Paige's grandmother's house, she discarded two weapons given to her by Paige and his uncle.

Paige's grandmother gave him money for a bus ticket and his cousin drove him to the bus station. Paige was arrested in New York.

---

[1] The crimes were committed on February 18, 2003. On April 11, 2003, Paige was indicted by a Fulton County grand jury for malice murder, three counts of felony murder, armed robbery, aggravated assault, possession of a firearm in the commission of a crime, and possession of a firearm by a convicted felon. On March 12, 2004, a Fulton County jury convicted Paige of two counts of felony murder, aggravated assault, and armed robbery. The aggravated assault and one of the felony murder convictions were vacated by operation of law and Paige received a life sentence for felony murder plus twenty years for armed robbery. Paige moved for a new trial on March 19, 2004, and amended that motion on March 2, 2006. The trial court denied the motion on March 29, 2006 and Paige filed a timely notice of appeal. The case was docketed in this Court on August 9, 2006, and submitted for decision on the briefs.

After reviewing the evidence in the light most favorable to the jury's verdict, we conclude that there was sufficient evidence for a rational trier of fact to find Paige guilty of the crimes for which he was convicted.[2]

2. On the second day of trial, a juror informed the court that he was Paige's cousin and the nephew of one of the witnesses, Paige's grandmother. The court and the defense questioned the juror, who stated that he did not know Paige but that he had spoken to Paige's grandmother approximately six months prior to the trial and that she had mentioned the "incident." He also stated that as a child he spent considerable time with Paige's grandmother. The trial court replaced the juror with an alternate.

The decision to strike a juror for cause lies within the sound discretion of the trial court.[3] We find that the court acted properly and did not abuse its discretion in dismissing the juror, because he was Paige's cousin and the nephew of one of the important witnesses.[4]

Although Paige argues that the juror's statements regarding the particular degrees of consanguinity between him and Paige were vague, the relationship between the juror and the defendant and the witness was close enough to support the trial court's decision. "[I]t was within the [trial] court's discretion to exclude the juror whether or not the test of OCGA § 15-12-135 (a) was met."[5]

3. Next, Paige argues that the trial court improperly admitted certain evidence as prior inconsistent statements of witness Jonathan Smith. First, Paige claims that the trial court improperly admitted the statement Smith gave to police. During the investigation, Smith told police that Paige admitted to him that he had shot someone during the robbery. At trial, however, Smith specifically denied that Paige had ever told him that he had shot anyone, and testified that if he had made that statement to police, it was only because the detective asking the questions was trying to deceive or intimidate

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] *Garland v. State*, 263 Ga. 495, 496 (435 SE2d 431) (1993).

[4] See, e.g., OCGA § 15-12-135 (a):
   All trial jurors in the courts of this state shall be disqualified to act or serve in any case or matter when such jurors are related by consanguinity or affinity to any party interested in the result of the case or matter within the sixth degree as computed according to the civil law. Relationship more remote shall not be a disqualification.
See also *Cheeks v. State*, 234 Ga. App. 446, 449 (507 SE2d 204) (1998) (defendant's first cousin is legally disqualified from serving as a juror).

[5] *Wells v. State*, 261 Ga. 282 (2) (404 SE2d 106) (1991).

him. The trial court properly admitted Smith's statement to police as a prior inconsistent statement, as the statement directly contradicted his trial testimony.[6]

Similarly, Paige claims that the trial court erred by admitting the testimony of Smith's mother, who stated that Smith told her that Paige was responsible for the murder. During his trial testimony, Smith denied having ever told his mother that Paige was responsible for the murder, or having any discussion with her about "what may have happened." Over Paige's objection, the State called Smith's mother as a witness and questioned her about the conversation. The trial court did not err in admitting the testimony as a prior inconsistent statement, and properly instructed the jury with respect to the use of impeachment evidence under OCGA § 24-9-83.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 8, 2007.

*Cynthia W. Harrison*, for appellant.
*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Marc A. Mallon, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Robin J. Leigh, Assistant Attorney General*, for appellee.

---

[6] OCGA § 24-9-83 ("[a] witness may be impeached by contradictory statements previously made by him as to matters relevant to his testimony and to the case"); *Palmer v. State*, 274 Ga. 796, 797 (4) (560 SE2d 11) (2002).