A07A1375. GRIFFITH v. THE STATE.
(650 SE2d 413)

BLACKBURN, Presiding Judge.

Following a jury trial, Lafredrick Griffith appeals his convictions of burglary[1] and criminal trespass[2] (1) on general grounds, and contending that the trial court erred in the following ways: (2) by transferring the case to another judge without a hearing, (3) by failing to excuse a juror with first offender status for theft by receiving stolen property, (4) by failing to rule on a hearsay objection, (5) by asking questions of a witness, (6) by sustaining a hearsay objection based on a statement's self-serving nature, (7) by failing to charge on mere presence and mistake of fact, (8) by responding to the jury's questions by providing the jury with written copies of the jury instructions, (9) by considering Griffith's pending charges during sentencing, (10) by failing to grant Griffith's motion for new trial based on his ineffective assistance of counsel claim, and (11) by failing to make findings as to the effectiveness of trial counsel. Discerning no reversible error, we affirm.

---

[5] See generally *Brooks v. State*, 281 Ga. 514, 518 (6) (640 SE2d 280) (2007).
[1] OCGA § 16-7-1.
[2] OCGA § 16-7-21 (b) (1).

The standard of review for sufficiency of the evidence [in a criminal case] is set out in *Jackson v. Virginia*.[3] The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. In addition, appellant no longer enjoys a presumption of innocence. An appellate court determines only the legal sufficiency of the evidence adduced below and does not weigh the evidence or assess the credibility of the witnesses.

*Taylor v. State*.[4]

So viewed, the evidence shows that at approximately 8:30 a.m., while Farley Richmond was home recuperating from surgery, Richmond was awakened by his dog barking "wildly." Upon investigating, Richmond saw Griffith, whom he did not know, in his backyard, which was surrounded by a brick wall. Richmond watched from his house as Griffith looked into Richmond's garage windows. Richmond then briefly lost sight of Griffith, who reappeared in the neighbor's backyard, having climbed the wall. Richmond called the police, who responded and discovered Griffith on the back porch of the neighbor's house. After investigating, police discovered that drawers in the neighbor's house had been opened, and that, in Richmond's house, the screen on the back porch door had been slit and a back window opened.

After both Richmond and the neighbor confirmed that Griffith was a stranger and did not have permission to enter their homes, Griffith was arrested and charged with two counts of burglary. A jury trial resulted in his conviction on one count of burglary (the neighbor's house) and one count of criminal trespass (Richmond's house). Following the denial of his motion for new trial, Griffith appeals.

1. Griffith contends that the evidence was insufficient to support his conviction of burglary. We disagree.

OCGA § 16-7-1 provides that "[a] person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another. . . ."

Whether the defendant entertained an intent to commit a theft after entering is a matter for the jury to say, under the facts and circumstances proved. As a general rule the state

---

[3] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[4] *Taylor v. State*, 266 Ga. App. 818 (598 SE2d 122) (2004).

must, of necessity, rely on circumstantial evidence in proving intent. And the fact that the defendant may have failed in accomplishing his apparent purpose does not render a finding of burglary improper.

*Nelson v. State.*[5]

Here, Griffith argues that the State failed to prove that he had intent to commit a felony in the neighbor's house, because Griffith did not have anything in his hands when police discovered him in the neighbor's house and because the neighbor found nothing missing. However, at trial, the neighbor testified that valuables, such as electronics and jewelry, were in the house, and that drawers had been opened while she was away from the house. "A jury may infer that a defendant intended to commit [the felony of] theft based on the presence of valuables inside the premises, when the jury concludes that there is no other apparent or credible motive for the defendant's unauthorized entry." *Nelson,* supra, 277 Ga. App. at 95 (1) (a). As the neighbor testified that she had never seen Griffith before and that he did not have permission to enter her home, the evidence authorized the jury to conclude that Griffith had intent to commit a felony in the neighbor's house.

2. Griffith contends that the trial court erred in transferring his case to another judge without providing him a hearing. This enumeration is without merit.

After the case was assigned to Superior Court Judge Jones, the State moved to transfer the case to Chief Judge Stephens, because Griffith had other burglary charges pending before Judge Stephens. According to Georgia Uniform Superior Court Rule 3.2, "[w]hen practical, all actions involving substantially the same parties, or substantially the same subject matter, or substantially the same factual issues, whether pending simultaneously or not, shall be assigned to the same judge."

Without citing any case law, Griffith contends that the transfer without a hearing was error. However, the rule he cites does not require a hearing, and Griffith concedes that he did not request one nor otherwise object to the transfer at the time it occurred. Moreover, Griffith does not now identify any way in which he was prejudiced by the transfer. Accordingly, we discern no reversible error.

3. Griffith contends that the trial court erred by failing to excuse a juror who had first offender status for theft by receiving stolen property. We disagree.

---

[5] *Nelson v. State,* 277 Ga. App. 92, 95 (1) (a) (625 SE2d 465) (2005).

Under OCGA § 15-12-163 (b) (5), either the State or the accused may object to the seating of a juror who "has been convicted of a felony in a federal court or any court of a state of the United States and the juror's civil rights have not been restored." "The decision to strike a juror for cause lies within the sound discretion of the trial court." *Paige v. State.*[6]

During voir dire in Griffith's trial, a prospective juror identified himself as having been convicted of theft by receiving stolen property, for which he had completed a two-year sentence of probation and received first offender status. Upon questioning by the trial court, the juror answered that he would not be prevented from being fair and impartial. Neither the State nor Griffith's trial attorney requested that the juror be struck from the panel, and the juror served during Griffith's trial.

Pretermitting Griffith's failure to object, we note that

OCGA § 42-8-62 (a) provides that, upon fulfillment of the terms of probation, the defendant shall be discharged without court adjudication of guilt. The discharge shall completely exonerate the defendant of any criminal purpose and shall not affect any of his civil rights or liberties; and the defendant shall not be considered to have a criminal conviction.

(Punctuation omitted.) *State v. Mills.*[7] As such was the case here, the prospective juror was eligible for jury service, and the trial court did not err in seating the juror.

4. Griffith contends that the trial court erred in failing to rule on a hearsay objection and in failing to instruct the jury to disregard hearsay testimony regarding the damage to Richmond's screen door. Because the challenged evidence was cumulative of other competent evidence, this enumeration is without merit.

At trial, Richmond testified as part of the State's case-in-chief, that when his wife and stepdaughter arrived home, they went to the back porch and told Richmond that the back screen had been slit and a rear window had been opened. After a hearsay objection, which was conceded by the State's counsel without intervention of the trial court, Richmond clarified that he did not himself observe the slitting of the screen. Griffith now argues that the trial court erred by allowing Richmond's testimony and failing to instruct the jury regarding the testimony. However, any resulting error was harmless,

---

[6] *Paige v. State*, 281 Ga. 504, 505 (2) (639 SE2d 478) (2007).

[7] *State v. Mills*, 268 Ga. 873, 874 (495 SE2d 1) (1998).

because the testimony was cumulative of other competent photographic and testimonial evidence that the screen had been slit and the rear window opened. See *Dillard v. State*.[8] Accordingly, we discern no reversible error.

5. At the end of Richmond's testimony, the trial court asked Richmond what time and date the events occurred. Although he did not object at trial, Griffith now contends that this was error because the questions amounted to the trial court commenting on whether the date and time had been proved by the State.

Griffith correctly notes that "[i]t is error for any judge in any criminal case, during its progress or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused." OCGA § 17-8-57. However, "[a] trial judge may propound questions to a witness to develop the truth of the case, to clarify testimony, to comment on pertinent evidentiary rules and to exercise its discretion when controlling the conduct of counsel or witnesses in order to enforce its duty to ensure a fair trial to both sides." *Dickens v. State*.[9] Here, because the trial court simply asked two clarifying questions and did not express an opinion on the evidence or comment on an issue of fact, Griffith has not shown a violation of OCGA § 17-8-57. See *Middlebrooks v. State*.[10]

6. Griffith contends that the trial court erred in sustaining a self-serving hearsay objection to testimony that Griffith stated he was "looking for a place to sleep." We disagree.

"[T]he admission of evidence is generally a matter resting largely within the sound discretion of the trial judge." *Dodd v. Scott*.[11] "Self-serving declarations . . . are inadmissible hearsay unless the declarant testifies and is subject to cross-examination. The defendant is allowed to declare his innocence in court; he is not allowed to avoid this opportunity by pre-trial declarations of innocence." (Citation and punctuation omitted.) *Parker v. State*.[12]

At trial, during cross-examination of one of the responding officers, Griffith's counsel asked, "[Upon finding Griffith on the neighbor's screen porch,] at that point Mr. Griffith volunteers up the statement that he was looking for a place to sleep; isn't that correct?" The State objected, arguing that Griffith's alleged statement was self-serving hearsay. The trial court sustained the objection on the ground that Griffith's statement was self-serving hearsay.

---

[8] *Dillard v. State*, 272 Ga. App. 523, 526 (3) (612 SE2d 804) (2005).

[9] *Dickens v. State*, 280 Ga. 320, 324 (3) (627 SE2d 587) (2006).

[10] *Middlebrooks v. State*, 255 Ga. App. 541, 543 (3) (566 SE2d 350) (2002).

[11] *Dodd v. Scott*, 250 Ga. App. 32, 35 (2) (550 SE2d 444) (2001).

[12] *Parker v. State*, 276 Ga. 598 (2) (581 SE2d 7) (2003).

As Griffith's statement could be construed to show that he did not have the requisite intent to commit burglary, i.e., that he did not intend to commit a felony or theft in the neighbor's house (per OCGA § 16-7-1), the trial court did not abuse its discretion in finding Griffith's statement to be self-serving. Therefore, because Griffith elected not to testify, the trial court did not err in excluding the statement.

7. Griffith next contends that, even in the absence of any request, the trial court should have charged the jury on mistake of fact and mere presence, because Griffith's alleged sole defense was that he was looking for a place to sleep and lacked an unlawful purpose for entering the victims' property. See *Henderson v. State*[13] (reversing conviction where trial court failed to charge on sole defense). However, because Griffith presented no admissible evidence of his alleged statement that he was looking for a place to sleep, there was no basis for the charges other than speculation as to why Griffith would enter the houses of two strangers. Moreover, as Griffith concedes, because the police found him inside the neighbor's porch, his defense went to the intent element of each crime, i.e., that Griffith did not intend to commit a theft or felony inside the neighbor's house, and that he did not have an unlawful purpose for entering Richmond's house. This defense was fairly covered by the jury instructions which explained that, with respect to the burglary as indicted here, "intent to commit a theft is an essential element and must be proven by the State beyond a reasonable doubt," and that a necessary element of criminal trespass is an entry with an unlawful purpose. Accordingly, as Griffith's alleged defense was "fairly covered by the charge[s] on the elements of the [crimes]," the court did not err in failing to give those additional instructions. *Curtis v. State*.[14] See *Green v. State*[15] ("[j]ury instructions must be viewed as a whole, and it is not error to refuse to give a requested charge when the same principles are fairly given to the jury in the general charge of the court") (punctuation omitted).

8. Griffith next contends that the trial court erred in responding to questions from the jury by providing them with a written version of the jury charges. We disagree.

During deliberation, the jury sent a note to the judge asking the following questions about criminal trespass: "Can it include using one property to gain access to a different property? Does it require entry into the house, not just the property? Can we have a definition

---

[13] *Henderson v. State*, 141 Ga. App. 430 (4) (233 SE2d 505) (1977).

[14] *Curtis v. State*, 285 Ga. App. 298, 301 (1) (a) (645 SE2d 705) (2007).

[15] *Green v. State*, 240 Ga. App. 774, 776-777 (1) (525 SE2d 154) (1999).

of 'infer' again?" With the consent of Griffith and the State, the trial court responded by providing a written copy of the entire jury instructions.

Griffith now contends that providing the written instructions was error. However, as Griffith did not object at trial, the issue is not preserved for appeal. *Tuff v. State.*[16] Moreover, the Supreme Court of Georgia has explained that "it is frequently desirable that instructions which have been reduced to writing be not only read to the jury but also be handed over to the jury." (Punctuation omitted.) *Cotton v. State.*[17] And by providing the jury with the entire instructions, the trial court avoided the "risks associated with the giving of a partial written jury instruction on recharge." *Rickman v. State.*[18] Accordingly, we discern no error.

9. Griffith also contends that the trial court erred by considering a separate pending indictment for burglary and attempted burglary in aggravation of his sentence. This enumeration is without merit.

During the sentencing hearing, after the trial court asked if Griffith had any pending charges, the State's and Griffith's attorneys explained that Griffith had charges for burglary and attempted burglary pending in that court. The trial court was already aware of the two charges because they were already assigned to him and the State had, prior to trial, unsuccessfully attempted to admit evidence of the two prior charges as similar transactions. At sentencing, the trial court stated as follows:

> The maximum is 20 years. Because you have three prior felony convictions [aside from the pending charges], I'm required to give you 20. But I have some discretion as to how many of those years will be served in confinement. But whatever term I give you in confinement the law also mandates that it be served without the possibility of parole, so — and you've got another pending — or two other pending matters where you're *alleged — it's alleged that you broke into two other residences in a similar way.* So this may not be the end of your problems as you leave here today.

(Emphasis supplied.) For the two charges of which he was found guilty, the trial court then sentenced Griffith to twenty years (for burglary), to serve ten, and to twelve months concurrent confinement (for criminal trespass).

---

[16] *Tuff v. State*, 278 Ga. 91, 93 (2), n. 11 (597 SE2d 328) (2004).

[17] *Cotton v. State*, 279 Ga. 358, 359 (3) (613 SE2d 628) (2005).

[18] *Rickman v. State*, 277 Ga. 277, 279 (2) (587 SE2d 596) (2003).

Griffith now contends that the trial court erred in considering the pending indictment. We note that Griffith "waived this argument when he failed to raise an objection during sentencing." *Prather v. State.*[19] Nevertheless, in light of Griffith's ineffective assistance claim in Division 10 (h), we conclude that, based on the trial court's explanation during sentencing, the court made it clear that it did not improperly consider the pending indictment as proven facts; rather, the court referred to the indictments as allegations which may lead to additional penalties for Griffith. Accordingly, we discern no error.

10. Griffith contends that he received ineffective assistance on several grounds. Because Griffith failed to show that his counsel's performance in each instance was deficient, this enumeration is without merit.

> In order to establish ineffectiveness of trial counsel, appellant must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense. There is a strong presumption that the performance of trial counsel falls within the wide range of reasonable professional assistance. The reasonableness of the conduct is viewed at the time of trial and under the circumstances of the case. In reviewing a lower court's determination of a claim of ineffective assistance of counsel, we give deference to the trial court's factual findings, which are upheld on appeal unless clearly erroneous; however, we review the lower court's legal conclusions de novo.

(Citations and punctuation omitted.) *Williams v. State.*[20]

(a) *Failure to file a motion to sever offenses.* Griffith contends that his counsel's performance was deficient because he failed to move to sever the two burglary charges. However, at the hearing on Griffith's motion for new trial, Griffith's trial counsel testified that

> I did not feel that such a motion would have merit inasmuch as the two counts of burglary were alleged to have taken place right next door to each other and on the same day at the same time basically. . . . I did not believe that it would be in Mr. Griffith's best interest to have those offenses severed and run the risk of having to go to trial twice on what's basically one course of events.

---

[19] *Prather v. State*, 259 Ga. App. 441, 445 (6) (576 SE2d 904) (2003).
[20] *Williams v. State*, 277 Ga. 853, 857 (6) (596 SE2d 597) (2004).

"Although the tactic may have been ineffective, we perceive trial counsel's [decision to be] a matter of reasonable strategy. Decisions by trial counsel amounting to reasonable trial strategy do not constitute deficient performance." *Green v. State.*[21]

(b) *Failure to timely challenge service of juror.* Griffith also contends that his trial counsel performed deficiently because he failed to object to the service of the juror who had a prior first offender conviction. However, at the hearing on the motion for new trial, Griffith's trial attorney testified that he "felt that [the juror] may not be a bad juror for us, that his having been convicted of theft by receiving stolen property . . . at the time I did not believe that that would render him a . . . bad . . . juror for us." Therefore, trial counsel's failure to object to the juror was a reasonable strategic decision, and not the result of deficient performance. See *Green,* supra, 281 Ga. at 324 (2).

(c) *Failure to object to hearsay testimony as to the description given by the 911 caller.* Griffith contends that his trial counsel should have objected to hearsay testimony by an officer recounting a description of the perpetrator given to the 911 operator. However, at the motion for new trial, Griffith's trial counsel testified that

> [o]ur approach to this case was that identity was not really at issue given the facts of . . . the case. . . . And the issues in the trial related not to his identity, because there was no issue that it was not him that was found inside the house, but rather . . . whether his actions constituted a burglary. And so, therefore, I didn't . . . feel the need to object to descriptions of his clothing since it was undisputedly him . . . who was found.

Therefore, as this was a reasonable trial strategy in light of the officers' testimony of their encounter with Griffith himself on the neighbor's porch, we discern no error.

(d) *Failure to challenge neighbor's in-court identification of Griffith.* Griffith likewise contends that his trial counsel's failure to object to or cross-examine the neighbor with respect to her in-court identification of Griffith constituted deficient performance. However, in light of trial counsel's testimony that this decision was part of his trial strategy, i.e., that Griffith's identity was not an issue with respect to the neighbor's house (in which Griffith was found), we discern no error.

---

[21] *Green v. State,* 281 Ga. 322, 324 (2) (638 SE2d 288) (2006).

(e) *Failure to move for a directed verdict.* Griffith contends that his trial counsel's failure to move for a directed verdict based on the sufficiency of evidence was deficient. However, in light of our ruling in Division 1, this would have been a meritless motion, as conceded by trial counsel at the motion for a new trial. Moreover, even absent a motion for a directed verdict, a criminal defendant may challenge the sufficiency of the evidence. See *Mack v. State*[22] ("a challenge to the sufficiency of the evidence need not be preserved or raised by trial counsel, for by statute [(OCGA § 5-6-36 (a))] such is automatically preserved as grounds for appeal") (punctuation and footnote omitted). Accordingly, we discern no error. See *Sims v. State.*[23]

(f) *Failure to request a jury charge on mistake of fact and mere presence.* Griffith contends that his trial counsel's failure to request jury charges on mere presence and mistake of fact was deficient performance. As held in Division 7, these instructions were fairly covered by the charges given. Accordingly, counsel's performance was not deficient in failing to request the charges.

(g) *Failure to request the trial court to re-charge the jury.* Griffith contends that his trial counsel's performance was deficient due to his failure to request the trial court to re-charge the jury on criminal intent in response to the jury's questions. However, in light of our ruling in Division 8, this enumeration is without merit.

(h) *Failure to object to the trial court's consideration of Griffith's other pending charges during sentencing.* Griffith contends that his trial counsel should have objected to the trial court's consideration of his other pending charges during sentencing. However, in light of our ruling in Division 9, this enumeration is without merit.

11. Griffith finally contends that the trial court erred in failing to make explicit findings of fact with respect to his counsel's effectiveness. In support of his contention, Griffith makes no argument other than to incorporate by reference the arguments we address in Division 10. In light of our rulings therein, this enumeration is without merit. See *Maddox v. State*[24] ("[a]lthough the trial court did not make explicit findings on [these] issue[s], implicit in the trial court's denial of the amended motion for new trial is a finding that [the defendant] was not denied the effective assistance of counsel").

*Judgment affirmed. Ruffin and Bernes, JJ., concur.*

---

[22] *Mack v. State*, 251 Ga. App. 407, 410 (4) (554 SE2d 542) (2001).

[23] *Sims v. State*, 281 Ga. 541, 543 (2) (640 SE2d 260) (2007).

[24] *Maddox v. State*, 218 Ga. App. 320, 322 (2) (461 SE2d 286) (1995).

DECIDED JULY 30, 2007.

*Phillip C. Griffeth,* for appellant.
*Kenneth W. Mauldin, District Attorney, Brian V. Patterson, Assistant District Attorney,* for appellee.