A11A1769. GUNTER v. THE STATE.

(722 SE2d 450)

DOYLE, Presiding Judge.

Ricky Eugene Gunter, Jr., was charged with six counts of sodomy[1] (Counts 1-6), child molestation[2] (Count 7), five counts of statutory rape[3] (Counts 8-12), six counts of aggravated child molestation[4] (Counts 13-18), robbery[5] (Count 19), two counts of cruelty to a child in the third degree[6] (Counts 20-21), and interfering with a call for emergency assistance[7] (Count 22). A Madison County jury found him guilty on all counts. Thereafter, the trial court granted a directed verdict as to Count 19 (robbery); the trial court also directed a verdict as to Count 2 (sodomy), Count 14 (aggravated child molestation), and Count 20 (cruelty to a child in the third degree). Gunter appeals the denial of his subsequent motion for new trial, arguing that his trial counsel was ineffective by failing to object to hearsay testimony by law enforcement personnel and to the introduction of the victim's recorded interview. We affirm, for the reasons that follow.

" 'On appeal from a criminal conviction, the evidence must be construed in the light most favorable to the verdict, and the appellant no longer enjoys a presumption of innocence.' "[8] So viewed, the evidence shows that on February 27, 2007, Gunter's wife, Cortney, told police that she looked into her bedroom window from outside and witnessed Gunter and her 14-year-old niece, S. T., hug, kiss, and engage in oral sex. When Cortney confronted Gunter, she attempted to call 911, and he yanked the phone cord from the wall, tackled her, and grabbed her cell phone as she tried to leave the

---

[1] OCGA § 16-6-2 (a) (1).
[2] OCGA § 16-6-4 (a) (1).
[3] OCGA § 16-6-3 (a).
[4] OCGA § 16-6-4 (c).
[5] OCGA § 16-8-40 (a) (1).
[6] OCGA § 16-5-70 (d).
[7] OCGA § 16-10-24.3.
[8] *Howell v. State*, 278 Ga. App. 634 (629 SE2d 398) (2006).

home; several minor children witnessed the altercation. Police responded to the scene and interviewed S. T., who stated that Gunter had sexual intercourse and oral sex with her on numerous previous occasions, giving details and dates of the instances.

At trial, S. T. conceded that she had told police that she had engaged in sexual relations with Gunter, but she recanted, testifying that she fabricated the allegations to hurt Cortney. A police officer and caseworker for the Department of Family and Children Services ("DFCS") testified, summarizing S. T.'s prior allegations regarding Gunter, and the State played a recording of S. T.'s interview to police. The State also admitted a letter from S. T. to Gunter professing her love for him and noting that he was "the first for so many things"; S. T. admitted that she wrote the letter, explaining that she left it on a night stand in the Gunters' bedroom "to make Cortney mad."

Following his conviction, Gunter appeals the denial of his motion for new trial, arguing that his trial counsel was ineffective because she failed to object to the admission of testimony by police and DFCS personnel regarding S. T.'s allegations and S. T.'s recorded interview.

> In order to prevail on a claim of ineffective assistance of counsel, a criminal defendant must show that counsel's performance was deficient and that the deficient performance so prejudiced the client that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. The criminal defendant must overcome the strong presumption that trial counsel's conduct falls within the broad range of reasonable professional conduct. [As the appellate court,] we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.[9]

Gunter claims that S. T.'s recorded statement and the testimony of the State's witnesses regarding her allegations were inadmissible because the State failed to lay the requisite foundation before their admission. We disagree.

> The prior inconsistent statement of a witness who is present and available for cross-examination may be admitted as substantive evidence or as impeachment evidence if the time, place, person, and circumstances attending the

---

[9] (Citations and punctuation omitted.) *Robinson v. State*, 277 Ga. 75, 75-76 (586 SE2d 313) (2003). See *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

former statement are called to [her] mind with as much certainty as possible.[10]

The purpose of laying such a foundation "is to give the witness an opportunity to admit, explain, or deny the prior contradictory statement."[11]

Here, the prosecutor asked S. T. about the events that occurred on February 27, 2007, and she recalled that she was in the Gunters' master bedroom when Cortney entered the house, but denied that she was "doing anything" with Gunter. After she also denied doing "anything sexual with [Gunter]," S. T. responded affirmatively when asked if she "did an interview and stated to the Madison County Sheriff's Office that [she] had sexual intercourse and sex acts with the Defendant." S. T. testified that she spoke to a second officer another day, and that the DFCS caseworker was present at the time. S. T. conceded that she "gave specific dates" when she spoke to the first officer, and that she told the second officer and the DFCS caseworker: "[t]hat it did happen, because I thought since I had already told them that they were going to assume that's what happened. So then I started giving them dates that I had done stuff with other guys."

Thus, S. T. acknowledged making the prior statements regarding her sexual activity with Gunter to the police, and she conceded that they were contradictory to her trial testimony, explaining that she fabricated the allegations against Gunter to anger Cortney. Under these circumstances, we conclude that the State established a proper foundation for use of S. T.'s prior inconsistent statements.[12] Given S. T.'s admissions regarding the prior contradictory statements, including that she fabricated the allegations against Gunter, we are unpersuaded by Gunter's argument that the State's failure to question her about the specifics of each and every statement to authorities in detail rendered the prior inconsistent statements inadmissible. "Since any objection trial counsel could have made would have been meritless[,] and failure to make a meritless objection cannot be evidence of ineffective assistance," Gunter's claim of

---

[10] (Citations and punctuation omitted.) *Edmond v. State*, 283 Ga. 507, 510 (6) (661 SE2d 520) (2008). See OCGA § 24-9-83.

[11] *Duckworth v. State*, 268 Ga. 566, 567-568 (1) (492 SE2d 201) (1997).

[12] See *Byrum v. State*, 282 Ga. 608, 610 (4) (652 SE2d 557) (2007) (foundation properly laid for the admission of prior inconsistent videotaped statement because the witness confirmed that he gave the videotaped statement to the police after his arrest and confirmed that it was inconsistent with his trial testimony); *Meschino v. State*, 259 Ga. 611, 613 (2) (385 SE2d 281) (1989) (prior inconsistent statement properly admitted because the witness admitted making the statement to authorities after the incident giving rise to the charges against the defendant).

ineffective assistance of counsel fails.[13]

*Judgment affirmed. Ellington, C. J., and Miller, J., concur.*

DECIDED JANUARY 27, 2012.

*Edgar A. Callaway, Jr.*, for appellant.

*Robert W. Lavender, District Attorney, James W. Webb, Assistant District Attorney*, for appellee.

---

[13] *Green v. State*, 281 Ga. 322, 323 (2) (638 SE2d 288) (2006).